**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CARLOS SANCHEZ,           ) | |
| ID # 1737913,                       ) | |
|     Plaintiff,              ) | |
| vs.                                          ) | No. 3:11-CV-3197-O-BH |
|                                        ) | |
| I.C.S. COMPANY,              ) | |
|     Defendant.            ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's claims should be **DISMISSED** as malicious.

**I.  BACKGROUND**

On or about November 14, 2011, Plaintiff filed this suit under 42 U.S.C. § 1983 against I.C.S. Company (Defendant). (Compl. (doc. 1).) He claims that on February 28, 2011, he slipped and fell on a smooth wet slippery floor in the Wayne McCullum Detention center while wearing shoes sold to it by Defendant, injuring his spine. *Id.* at 4. He claims that Defendant's failure to put a label on the shoes warning that they can become slippery on a smooth wet surface led to his injuries. *Id.* This is his second lawsuit against Defendant asserting the same causes of action based on the same set of facts. *See Sanchez v. I.C.S. Company*, No. 3:11-CV-727-M (N.D.Tex.). His prior § 1983 claims were dismissed for failure to state a claim, and any state law claims were dismissed for lack of subject matter jurisdiction on July 27, 2011. *See id.*

**II.  PRELIMINARY SCREENING**

Because Plaintiff is a prisoner, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).

Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint or any part of it if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A case that raises the same claims as a prior or pending action is malicious. *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (per curiam) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)).

Here, this case raises the very same claims against the same defendant as in Plaintiff's recently dismissed prior action. The case is therefore malicious and should be dismissed .

### III.  RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of the complaint will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
>   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SO RECOMMENDED on this 6th day of December, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE